# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | RONALD A. GUZMÁN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2260 | **DATE** | 4/25/08 |
| **CASE TITLE** | Walter Steven Carlos-El, et al. v. Sheriff Thomas Dart, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff is granted thirty days in which either to file an *in forma pauperis* application on the enclosed form with the supporting information required by 28 U.S.C. § 1915(a)(2) or pay the full $350 filing fee. The plaintiff must also submit a second amended complaint (plus a judge's copy and service copies). The clerk is directed to send the plaintiff an i.f.p. application, an amended complaint form, and instructions along with a copy of this order. Failure of the plaintiff to comply with this order within thirty days will result in summary dismissal of this case.

■ [**For further details see text below.**]  Docketing to mail notices.

## STATEMENT

The plaintiff, a pretrial detainee in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 but has failed either to pay the statutory filing fee or to file a petition for leave to proceed *in forma pauperis*.

The Prison Litigation Reform Act ("PLRA") requires all inmates to pay the full filing fee, even those whose cases are summarily dismissed. The court must first assess an initial partial filing fee on all inmates who bring suit in an amount that is 20% of the greater of: (A) the average monthly deposits in the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal. 28 U.S.C. § 1915(b)(1). The court will direct prison officials to deduct the initial filing fee payment directly from the plaintiff's trust fund account. Thereafter, correctional authorities having custody of the plaintiff will have authority (and are required) to make monthly payments to the court of 20% of the preceding month's income credited to the trust fund account until such time as the full filing fee is paid.

To enable the court to make the necessary initial assessment of the filing fee, the plaintiff must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate **(CONTINUED)**

mjm

**STATEMENT (continued)**

official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).  Thus, if the plaintiff wishes to proceed with this case by making installment payments instead of paying the full filing fee in advance, he must file an *in forma pauperis* application on the form required by the rules of this court together with a certified copy or copies of his trust fund statements reflecting all activity in his accounts in the immediately preceding six-month period (that is, from October 21, 2007, to April 21, 2008).  The plaintiff must, within thirty days, **either** file an *in forma pauperis* application on the enclosed form with the information required by § 1915(a)(2) **or** pay the full $350 filing fee.

The plaintiff must also submit a second amended complaint (plus a judge's copy and a sufficient number of copies for service on each defendant named in the second amended pleading).  The complaint and amended complaint submitted are not on the court's form, as required by Local Rule N.D. Ill. 81.1.  Furthermore, the court does not permit piecemeal amendments.  All allegations against all defendants must be set forth in one document.

The plaintiff is additionally advised to perform some basic legal research prior to drafting his second amended complaint, as the court questions whether (a) the plaintiff could have exhausted administrative remedies prior to filing suit, as required by 42 U.S.C. § 1997e(a), or (b) whether the plaintiff's claims rise to the level of a constitutional violation.  The plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

The plaintiff essentially claims that the jail has been on "lockdown" since April 11, 2008, following an altercation between two inmates.  It seems doubtful that the short-term security measure rises to the level of a Fourteenth Amendment violation.  In order to state a conditions-of-confinement claim of constitutional significance, the challenged condition must amount to "punishment." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).  The standard for determining punishment is similar whether considered in the context of the Due Process Clause or the Eighth Amendment. *Zentmeyer v. Kendall County, Ill.*, 220 F.3d 805, 810 (7th Cir. 2000).  Punishment requires something more than routine discomfort. *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981).  Punishment in the constitutional sense requires allegations of extreme deprivations over an extended period of time. *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992); *Bell* at 542; *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999).  The plaintiff is also advised that the Cook County Jail is not a suable entity. *See, e.g., Castillo v. Cook County Department Mail Room*, 990 F.2d 304 (7th Cir. 1993).

Finally, the court notes that twelve other inmates signed the original complaint.  Under the circumstances of this case, Fed. R. Civ. P. 20(a) may permit joinder of multiple co-plaintiffs in challenging the lockdown. *See Boriboune v. Berge*, 391 F.3d 852, 854-55 (7th Cir. 2004).  However, the plaintiffs are advised that **each co-plaintiff is obligated to pay a full, separate statutory filing fee**. *Id.*, 391 F.3d at 855-56.  Thus, any inmate who wishes to sign the second amended complaint and be a co-plaintiff in this matter must either submit an i.f.p. application. or pay the statutory filing fee.

**(CONTINUED)**

**STATEMENT (continued)**

For the foregoing reasons, the court dismisses the complaints on file without prejudice. The plaintiff is granted thirty days in which to submit a second amended complaint on the court's required form. The plaintiff must write both the case number and the judge's name on the second amended complaint, sign it, and return it to the Prisoner Correspondent. **As with every document filed with the court, the plaintiff must provide an extra copy for the judge; he must also submit a service copy for each defendant named in the second amended complaint.**

The plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the second amended complaint, without reference to the original complaint. Any exhibits the plaintiff wants the court to consider in its threshold review of the second amended complaint must be attached, and each copy of the second amended complaint must include complete copies of any and all exhibits. The plaintiff is advised to keep a copy for his files. The clerk will provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

In sum, the plaintiff must: (1) either file a properly completed petition to proceed *in forma pauperis* or pay the statutory filing fee; and (2) submit a second amended complaint, plus judge's and service copies. The Clerk will provide the plaintiff with the necessary forms along with a copy of this order. Failure of the plaintiff to comply with this order within thirty days will result in summary dismissal of this case. [In addition, the court will not consider any inmate who signed the original complaint to be a co-plaintiff unless he (1) signs the second amended complaint and (2) either files an i.f.p. application or pays the $350.00 filing fee.]