# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | RONALD A. GUZMÁN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2260 | **DATE** | 6/23/08 |
| **CASE TITLE** | Walter Steven Carlos-El, et al. v. Sheriff Thomas Dart, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#14] is granted. The court authorizes Cook County Jail officials to deduct $1.40 from the plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to Elizabeth Hudson, Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. However, summonses shall not issue at this time. The second amended complaint is dismissed without prejudice. The plaintiff is granted thirty days to submit a third amended complaint (plus a judge's copy and service copies). The clerk is directed to provide the plaintiff with an amended civil rights complaint form and instructions. Failure to submit a third amended complaint within thirty days of the date of this order will result in summary dismissal of this case in its entirety.

■ [**For further details see text below.**]                                                                                Docketing to mail notices.

## STATEMENT

　　The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff challenges a six-day lockdown at the jail; he additionally claims that correctional officials acted with deliberate indifference to his medical needs.

　　The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $1.40. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

**(CONTINUED)**

mjm

**STATEMENT (continued)**

However, the plaintiff's second amended complaint is unacceptable. Once again, the plaintiff failed to use the court's required civil rights complaint form. *See* Local Rule 81.1 (N.D. Ill.). Because the plaintiff did not use the court's form, the second amended complaint does not meet the basic pleading requirements of Fed. R. Civ. P. 8(a), such as indicating who the defendants are and what relief the plaintiff seeks. The plaintiff is once again advised that the court does not permit piecemeal amendments. All allegations against all defendants must be set forth in one document.

For the foregoing reasons, the second amended complaint is dismissed without prejudice. The plaintiff is granted thirty days in which to submit a third amended complaint. The third amended complaint must be on the court's form and must stand complete on its own, without reference to prior pleadings. The plaintiff must write both the case number and the judge's name on the third amended complaint, sign it, and return it to the Prisoner Correspondent.

**The court notes that the plaintiff continues to ignore the court's repeated admonitions about basic filing requirements. The plaintiff is reminded that he must provide the court with the original plus a judge's copy of every document filed; in addition, he must provide a sufficient number of copies of the third amended complaint for service on each defendant named in that pleading. Any future documents filed that ignore this basic filing rule will be stricken without being considered.**

For the foregoing reasons, the court dismisses the second amended complaint without prejudice. The plaintiff is granted thirty days in which to submit a third amended complaint on the court's required form. The plaintiff must write both the case number and the judge's name on the second amended complaint, sign it, and return it to the Prisoner Correspondent. Any exhibits the plaintiff wants the court to consider in its threshold review of the second amended complaint must be attached, and each copy of the third amended complaint must include complete copies of any and all exhibits. The plaintiff is advised to keep a copy for his files. The clerk will provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. Failure of the plaintiff to comply with this order within thirty days will result in summary dismissal of this case.