# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | RONALD A. GUZMÁN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2260 | **DATE** | 7/25/08 |
| **CASE TITLE** | Walter Steven Carlos-El (#2007-0082858), et al. v. Sheriff Thomas Dart, et al. | | |

**DOCKET ENTRY TEXT:**

On the court's own motion, the Cook County Department of Corrections is dismissed as a defendant pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The clerk is directed to issue summons for service of the third amended complaint on defendant Dart. The clerk is also directed to send the plaintiff a magistrate judge consent form and filing instructions along with a copy of this order. The clerk is additionally directed to re-mail a copy of the court's Minute Order of June 23, 2008, to Elizabeth Hudson, Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. The Clerk is requested to add the plaintiff's inmate registration number to the top of the order.

■ [**For further details see text below.**]  Docketing to mail notices.

## STATEMENT

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff challenges a six-day lockdown at the jail; he additionally claims that correctional officials acted with deliberate indifference to his medical needs. This matter is before the court for review of the third amended complaint, as required by 28 U.S.C. § 1915A.

Here, accepting the plaintiff's factual allegations as true, the court finds that the third amended complaint states a colorable cause of action against Sheriff Thomas Dart under the Civil Rights Act. The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001). To be held liable under 42 U.S.C. § 1983, supervisors "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference." *Id.* However, *Antonelli v. Sheahan*, 81 F.3d 1422 (7th Cir. 1996), teaches that dismissal of a *pro se* complaint on grounds of lack of active personal involvement is inappropriate where the official's position justifies an inference that the official had some direct involvement in the alleged violation. In this case, the plaintiff is challenging the conditions relating to a jail-wide lockdown. Therefore, while a more fully developed record may belie the plaintiff's claims, defendant Dart must respond to the allegations in the third amended complaint.

**(CONTINUED)**

mjm

**STATEMENT (continued)**

However, the Cook County Department of Corrections is not itself a suable entity. *See, e.g., Castillo v. Cook County Department Mail Room*, 990 F.2d 304 (7th Cir. 1993). Accordingly, the third amended complaint is dismissed as to the Department of Corrections. The plaintiff may wish to file a fourth amended complaint naming those individuals who were personally and directly responsible for denying him needed medical attention (or access to medical care). The plaintiff is advised that there is a two-year statute of limitations for civil rights actions; he should therefore attempt to identify any new defendants as soon as possible. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cr. 1980).

The clerk shall issue summonses for service of the complaint on defendant Dart. The clerk shall also send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve Sheriff Dart. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendant with process. The Marshal is authorized to mail a request for waiver of service to the defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

The plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. The plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, the plaintiff must send an exact copy of any court filing to the defendant [or to defense counsel, once an attorney has entered an appearance on the defendant's behalf]. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the plaintiff.

Finally, the clerk is directed to re-send a copy of the court's Minute order of June 23, 2008, to Elizabeth Hudson, Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. The original order was returned from the Cook County Department of Corrections because it did not bear the plaintiff's registration number.